IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES H. MCFALL                                                                PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:07CV45-SAA

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                              DEFENDANT

MEMORANDUM OPINION

Pursuant to 42 U.S.C. § 405(g), plaintiff Charles H. McFall seeks judicial review of the final administrative decision of the Commissioner of Social Security, defendant herein, denying plaintiff's claim for Social Security disability insurance benefits ("SSDI") and Supplemental Security Income ("SSI") under Title II and Title XVI, respectively. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case; the undersigned thus has the authority to issue this opinion and the accompanying final judgment. After due consideration of the parties' respective positions, the court finds that the denial of benefits should be reversed and this case remanded for further review consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Charles H. McFall, was born on October 25, 1953. He was 50 years old on the alleged disability onset date, November 15, 2003, which classifies him as "an individual closely approaching advanced age" under 20 C.F.R. §404.1563 and §416.964. He graduated from high school in 1972 before serving in the United States Air Force for four years. His past

relevant work experience is as a truck driver and farm laborer, which respectively fall within the medium and heavy exertional levels. He filed his current applications for Social Security benefits under Title II on March 9, 2004, and protectively filed an application for supplemental security income (SSI) benefits under Title XVI on March 1, 2004, alleging a disability onset date of November 15, 2003. The applications were denied initially and on reconsideration. By Decision dated September 25, 2006, an administrative law judge (ALJ) found that the plaintiff retains the residual functional capacity (RFC) to perform a full range of light work. (Tr. 5, Finding No. 5). The plaintiff has properly filed the instant appeal to this court and argues the following points of error:

1. The ALJ committed reversible error in not fully crediting the medical assessment prepared by Dr. Adams, the consulting physician, who examined Mr. McFall at the specific request of the administrative law judge.
2. The ALJ's finding that Mr. McFall can perform the exertional demands of light work is not supported by any medical opinions of record and, as such, cannot be based on substantial evidence.
3. The ALJ committed reversible error in not obtaining an updated opinion by a medical advisor.
4. The Commissioner failed to sustain his burden of establishing that there is other work in the national economy that Mr. McFall can perform.

Plaintiff's brief, p.1.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five. First, plaintiff must prove he is not currently engaged in substantial gainful activity. Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ." At step three the ALJ must conclude the plaintiff

2

is disabled if he proves that his impairment(s) meets or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998). Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work. If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's RFC, age, education and past work experience, that he is capable of performing other work. If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.

In the instant case the ALJ found that the plaintiff "has the following severe combination of impairments: arthritis, history of cardiovascular disease and history of peripheral arterial disease." (Tr. 16, Finding No. 3). However, he concluded the impairment did not meet or equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17, Finding No. 4). The ALJ discussed the medical evidence of record and concluded that the plaintiff retains sufficient RFC to perform a full range of light work activity, "such as lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking a total of 6 hours and sitting a total of 6 hours in an 8-hour workday." (Tr. 17, Finding No. 5). Specifically, the ALJ found that the plaintiff's impairments prohibit him from returning to any of his past relevant work, but that there exist jobs in the national economy that he can perform. (Tr. 20, Finding Nos. 6 & 10).

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. §

3

405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (*quoting Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further defined that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (*quoting Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

A. Affording Proper Weight to Opinions of a Physician

The plaintiff argues that the ALJ committed reversible error by not fully crediting the medical assessment prepared by Dr. Jim Adams, the consulting physician who examined plaintiff. The bulk of medical evidence in this case comes from the Veteran's Administration

4

Medical Center and covers the time period from December 2003 through August 2006. Dr. Adams examined the plaintiff on May 21, 2006. After examining plaintiff, Dr. Adams completed a Medical Source Statement indicating that plaintiff was able to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 30 minutes at a time, for a total of 4 hours; sit for 30 minutes without interruption for a total of 6 hours; and that he could perform all listed postural activities occasionally. (Tr. 476-477). He further noted limitations for the plaintiff in his ability to push/pull or in working at heights. (Tr. 477).

In his opinion, the ALJ found the plaintiff had the residual functional capacity to perform a full range of light work activity. (Tr. 17, Finding No. 5). Under applicable regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

20 C.F.R. §§ 404.1567(b) and 416.967(b). The Commissioner argues that the ALJ afforded significant weight to Dr. Adams' opinion and findings. It is clear from the decision that this is true. ("The undersigned gives some consideration to Dr. Adams' medical source statement, but declines to give it controlling weight because it is based solely on the claimant's subjective complaints." Tr. 19). According to the Commissioner, under the rules for consideration of the opinions of medical sources, it is proper for the ALJ to reject part of Dr. Adams' opinion when the opinion is not well supported or is inconsistent with the record as a whole. *See* 20 C. F. R. §§ 404.1527(d) and 416.927(d). The plaintiff, however, takes issue with the ALJ's selectively citing

5

from the consulting physician's findings without providing an alternative medical foundation for making his own determination regarding plaintiff's RFC. Plaintiff contends that the ALJ's decision to pick and choose parts of physician's statements and to disregard or afford lesser weight to others, while reviewing medical evidence and drawing his own conclusions for his finding of the plaintiff's RFC, is grounds for reversal.

In his medical source statement Dr. Adams found that plaintiff retains the capacity to occasionally lift or carry twenty pounds and frequently lift or carry 10 pounds; he can stand or walk for a total of four hours in an eight-hour day, but only for thirty minutes without interruption; he can sit for a total of six hours during an eight-hour day but only thirty minutes uninterrupted; plaintiff may occasionally climb, balance, stoop, crouch, kneel or crawl; he is limited in his ability to push and pull; and his only environmental restrictions is that he is not to work at heights. (Tr. 476 - 477). The only other medical source statement in the record is from Dr. Timothy Alford and Michelle Atkinson, Nurse Practitioner. (Tr. 146- 141). It is dated in March and February 2004 (signed separately by Dr. Alford and Nurse Atkinson on different dates) and limits the plaintiff to less than sedentary work. However, this medical source statement was properly discredited by the ALJ due to the fact that the statement was before the plaintiff's "[s]evere peripheral vascular disease was corrected with surgery in March 2004." (Tr. 19).

The record does not contain any other medical source statements from any other physician. Nevertheless, the ALJ concluded that the plaintiff could perform a full range of light work. While the ALJ clearly based this finding in part on Dr. Adams opinion and medical source statement, he also relied on the medical evidence in the record and his own observation of the

plaintiff at the hearing.

It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). Further, the ALJ has discretion to evaluate both subjective and objective evidence in making his decision. 20 C.F.R. §§ 404.1529. However, an ALJ may not substitute his judgment for that of vocational or medical experts. *West v. Sullivan*, 751 F. Supp. 647, 648 (N. D. Tex. 1990); *see also Freeman v. Schweiker,* 681 F. 2d 727, 731 (11th Cir. 1982); 2 Am. Jur. 2d § 347 (1994). The First Circuit Court of Appeals has held that "bare medical findings are unintelligible to a lay person in terms of residual functional capacity" and an "ALJ is not qualified to assess residual functional capacity based on a bare medical record." *Gordils v. Secretary of Health and Human Services*, 921 F.2d 327, 329 (1st Cir. 1990). The Fifth Circuit has held that "judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor . . . ." *Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003). The court went on to hold that

> The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Commonsense can mislead; lay intuitions about medical phenomena are often wrong.

*Id.* at 622. While an ALJ is not by any means precluded from rendering "common-sense judgments about functional capacity based on medical findings," he may not "overstep the bounds of a lay person's competence and render a medical judgment," particularly when there are medical source statements to the contrary in the record. *Gordils v. Secretary of Health and Human Services*, 921 F.2d at 329. Following this reasoning, the court, hypothetically, would not disturb an ALJ's findings that a plaintiff could perform a full range of light work if the medical

records and testimony contained in the record obviously supported such a finding, even if there were no direct statements in the record asserting such as his residual functional capacity. However, where an ALJ makes findings contrary to medical source statements, as in the instant case, for which is simply no medical evidence or testimony to support such a finding, the court must find that the ALJ's decision is not supported by substantial evidence, and the case should be remanded for further review consistent with this opinion.

It should be noted that the government's argument regarding this point is not incorrect – "Under the Commissioner's rules for consideration of opinions of medical sources, it was proper for the ALJ to reject part of Dr. Adam's opinion . . . ." Government's Brief, p. 10. However, it was not proper for the ALJ to substitute his own judgment or interpretation of the medical evidence to find an RFC contrary to those in the medical evidence. An additional or updated medical source statement could have cured this error in a timely manner. *See* SSR 96-6p.

As this issue requires the remand of this case, the court need not address the merits of the plaintiff's remaining arguments.

## CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day. This, the 10th day of December, 2007.

                                                                     /s/ S. ALLAN ALEXANDER
                                                               UNITED STATES MAGISTRATE JUDGE